MICHAEL R. SCOLNICK (MS9984)
**Michael R. Scolnick, P.C.**
175 Burrows Lane
Blauvelt, New York 10913
Telephone: 845-354-9339
Fax: 845-365-1506                                    PLAINTIFF DEMANDS A
*Attorneys for the Plaintiffs*                       TRIAL BY JURY

## 𝕴𝖓𝖎𝖙𝖊𝖉 𝕾𝖙𝖆𝖙𝖊𝖘 𝕯𝖎𝖘𝖙𝖗𝖎𝖈𝖙 𝕮𝖔𝖚𝖗𝖙

Southern District of New York

AMANDA BROADHURST, an infant over the age of
fourteen, by her mother and natural guardian, THERESA
BROADHURST,

        Plaintiffs,

    -against-

THE COUNTY OF ROCKLAND, JAMES F. KRALIK
Sheriff of Rockland County and DEPUTY SHERIFF
GARRETT CLAPP, Badge #364.

        Defendants.

Civil Action
No_____
COMPLAINT FOR
DAMAGES-
Assault; Battery
42 U.S.C. 1983

07 CIV. 9511
BRIEANT

FILED
U.S. DISTRICT COURT
2007 OCT 24  P 3 42
S.D. OF N.Y. W.P.

## PRELIMINARY STATEMENT

1.    This is an action for monetary damages (compensatory and punitive) against THE COUNTY

       OF ROCKLAND (hereinafter, "COUNTY"), JAMES F. KRALIK, the Sheriff of Rockland

       County (hereinafter "KRALIK"),and DEPUTY SHERIFF GARRETT CLAPP, Badge

       #364, (hereinafter "CLAPP").

2.    On October 12, 2006 at approximately 11:30 a.m., defendant CLAPP, individually and as

       an employee of defendant KRALIK, and as an agent, servant and/or employee of defendant

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

COUNTY, acting under color of state law, intentionally and wilfully subjected infant plaintiff AMANDA BROADHURST to, *inter alia*, detention, assault, cruel and unusual punishment, and battery as hereinafter alleged.

3.      On and for some period before October 12, 2006, defendants KRALIK and COUNTY negligently hired and/or retained defendant CLAPP.

## JURISDICTION

4.      This action is brought pursuant to 28 U.S.C. Section 1331, 1343, and 1367(a), 42 U.S.C. Section 1983, the Fourth, and Fourteenth Amendments to the Constitution of the United States, and under the Constitution, statutes and common law of the State of New York. Pendent jurisdiction, pendent party jurisdiction and supplementary jurisdiction over plaintiff's state law claims is asserted. Venue is laid within the United States District Court for the Southern District of New York in that the defendants are located within, and a substantial part of the events giving rise to the claim occurred within, the boundaries of the Southern District of New York.

## PARTIES

5.      Plaintiffs, THERESA BROADHURST and AMANDA BROADHURST were and are citizens of the United States and at all times relevant hereto resided in the County of Rockland, and State of New York.

6.      Defendant COUNTY was at all times relevant hereto, a government corporation, statutory authority and subdivision of the State of New York, organized and existing pursuant to the

-2-

Constitution and the laws of the State of New York.

7.   Defendant KRALIK was at all times relevant hereto, a duly elected head of a subdivision, department or agency of Defendant COUNTY.

8.   The defendant officer, CLAPP, was, at all times relevant hereto, an employee of Defendants COUNTY and KRALIK, duly appointed and acting as a deputy in the Sheriff's Department of Rockland County and was an agent, servant and/or employee of defendants COUNTY and KRALIK acting in the course and scope of his employment as such and in furtherance of the interests and business of his said employer.

9.   Defendant KRALIK, is and was, at all times relevant hereto, a supervisory employee of, and an agent, servant and/or employee of defendant COUNTY, acting in the course and scope of his employment as such and in furtherance of the interests and business of his said employer, and otherwise performed and engaged in conduct incidental to the performance of its functions in the course of his duties.

10.  Defendant KRALIK is sued individually and in his supervisory capacity.

11.  At all times mentioned herein, the individual defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of Defendant  and the State of New York.

### NOTICE OF CLAIM

12.  Within 90 days following the acts herein complained of arising from this incident, plaintiff filed a written Notice of Claim with Defendant COUNTY. This matter has not been settled or otherwise disposed of.

### FACTUAL ALLEGATIONS

13.  On October 12, 2006, plaintiffs THERESA and AMANDA were lawfully meeting with

-3-

Probation Officer Marianne Kelleher at the Rockland County Probation Department, at the premises known as the Alison-Paris Building and located on New Hempstead Road, in the hamlet of New City, County of Rockland and State of New York, which, upon information and belief, is owned and operated by defendant COUNTY.

14.  During the course of the appointment/meeting, Probation Officer Marianne Kelleher asked infant plaintiff AMANDA to remove herself from the meeting and plaintiff AMANDA refused. Ms. Kelleher then called out "Sheriff".

15.  Defendant Deputy CLAPP, upon information and belief, described as 6'4"-6'5" tall and weighing about 250 pounds, entered the room with an aggressive and hostile attitude and stood threateningly in the doorway.

16.  When infant plaintiff AMANDA, being 14 years old, 5'2" tall and weighing 112 pounds, attempted to squeeze past defendant CLAPP in the doorway to leave the room, as requested, defendant CLAPP, without just cause, forcibly grabbed AMANDA with one arm around her body and pepper-sprayed her face, neck, mouth, ears, and eyes, to the horror of plaintiff AMANDA, who was left choking and screaming in pain.

17.  Defendant CLAPP then wrongfully and unlawfully threatened to arrest the infant plaintiff for assault.

18.  Plaintiff AMANDA was then taken from her mother THERESA and brought into another room where she was forcibly shackled in handcuffs and a female deputy attempted to wash her off from the pepper spray.

19.  After approximately 20 minutes, at 11:55 a.m. Emergency Medical Services (EMS) was called and dispatched to the scene to transport infant AMANDA to the Nyack Hospital

-4-

Emergency Room with complaints of difficulty breathing, chest pain, burning to face, eyes, chest, ears and throat and bilateral bruising to the dorsal aspects of her hands from the manner in which she was shackled; and has, since then, suffered emotional and psychological pain and distress.

20.    On October 12, 2006, at approximately 11:30 a.m., at the Rockland County Probation Department, located at the Alison-Paris Building on New Hempstead Road, in New City, New York, defendant CLAPP stopped, detained and assaulted infant plaintiff AMANDA BROADHURST, causing her physical illness and injury.

21.    Upon information and belief, deputy CLAPP, employee of defendants COUNTY and KRALIK, wrongfully and improperly stopped, detained, and assaulted plaintiff AMANDA in regard to a charge which had nothing to do with plaintiff.

22.    Upon information and belief, defendant deputy CLAPP, employee of defendants COUNTY and KRALIK, wrongfully and improperly, with deliberate disregard for proper, lawful, appropriate, correct, and effective management, behavior, and procedure, stopped, detained, and assaulted plaintiff AMANDA when it was not right, just, lawful, proper, or necessary to do so.

23.    Upon information and belief, defendant CLAPP had, prior to the events herein alleged, wrongfully and unlawfully engaged in one or more episodes of domestic violence, in regard to which one or more judicial proceedings were commenced, involving charges against CLAPP.

24.    Upon information and belief, defendant CLAPP had, prior to the events herein alleged, wrongfully and unlawfully drawn his firearm in an establishment where alcoholic beverages

were sold.

25.   Upon information and belief, prior to the events herein alleged, defendants COUNTY and

      KRALIK knew, or should have known, of the above alleged wrongful and unlawful acts of

      defendant CLAPP, and thus, of his dangerous and violent propensities, and should have

      taken corrective and/or disciplinary action in regard thereto, from providing counseling up

      to and including discharging CLAPP from their employ.

26.   As a direct and proximate result of the acts of the defendants, plaintiff suffered severe and

      permanent damages including, but not limited to: Violation of her constitutional rights under

      the Fourth and Fourteenth Amendments to the United States Constitution to be free from an

      unreasonable search and seizure of her person, embarrassment, humiliation, loss of liberty,

      loss of weight, physical injury, emotional distress and mental anguish.

27    The actions of the individual defendants violated the following clearly established and well

      settled federal constitutional rights of plaintiff:

      a.   Freedom from the unreasonable seizure of her person.

      b.   Freedom from the use of excessive, unreasonable and unjustified force against a person.

## FIRST COUNT
## (42 U.S.C. SECTION 1983
## AGAINST DEFENDANT CLAPP)

28.   Paragraphs 1 through 27 are incorporated herein by reference.

29.   Defendant CLAPP, acting under the color of state law, has deprived plaintiff AMANDA of

      her civil, constitutional and statutory rights and is liable to plaintiff under 42 U.S.C. Section

      1983.

-6-

30. As a result, plaintiff AMANDA claims damages for the injuries set forth above.

## SECOND COUNT
### (ASSAULT AGAINST DEFENDANT CLAPP)

31. Paragraphs 1 through 30 are incorporated herein by reference.

32. Upon approaching plaintiff AMANDA and grabbing, forcibly holding, pepper-spraying, handcuffing and detaining her, defendant CLAPP, made plaintiff fear for her physical well-being and safety and placed her in apprehension of immediate harmful and/or offensive touching.

33. As a result of that assault, plaintiff AMANDA claims damages for the injuries set forth above.

## THIRD COUNT
### (BATTERY AGAINST DEFENDANT CLAPP )

34. Paragraphs 1 through 33 are incorporated herein by reference.

35. Defendant CLAPP, placed hands on plaintiff AMANDA, abused, battered, pepper-sprayed and handcuffed her.

36. As a result of the battery, plaintiff AMANDA claims damages for the injuries set forth above.

## FOURTH COUNT
### (FALSE ARREST & IMPRISONMENT
### AGAINST DEFENDANT CLAPP)

37. Paragraphs 1 through 36 are incorporated herein by reference.

38. Defendant subjected plaintiff AMANDA to false arrest, imprisonment, and deprivation of liberty without probable cause.

39.    As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiff AMANDA

claims damages for the injuries set forth above.

### FIFTH COUNT
### (MUNICIPAL LIABILITY AGAINST DEFENDANTS KRALIK and COUNTY
### - *RESPONDEAT SUPERIOR*)

40.    Paragraphs 1 through 39 are incorporated herein by reference.

41.    Defendants KRALIK and COUNTY are liable for the damages suffered by the plaintiff

AMANDA as a result of the conduct of their agent, servant and employee defendant CLAPP,

under the doctrine of *respondeat superior*.

*42.*    Defendants, KRALIK and COUNTY, by their agent, servant and employee defendant

CLAPP, subjected infant plaintiff AMANDA BROADHURST to false arrest, assault,

battery, false imprisonment, physical injury, emotional and psychological injury,

embarrassment, shame and public humiliation.

43.    As a result, infant plaintiff AMANDA BROADHURST claims damages against defendants

KRALIK and COUNTY  for the injuries and damages set forth above.

### SIXTH COUNT
### (MUNICIPAL LIABILITY AGAINST DEFENDANTS KRALIK and COUNTY
### 42 U.S.C. SECTION 1983)

44.    Paragraphs 1 through 43 are incorporated herein by reference.

45.    Defendants COUNTY and KRALIK knew or should have known of their agent's,  servant's

and/or employee's propensity to engage in the illegal and wrongful acts detailed above, and

of his dangerous and violent propensities, as alleged above.

46.    Prior to October 12, 2006, those defendants developed and maintained policies and/or

customs exhibiting deliberate indifference to the constitutional rights of persons on and about

their premises, which policies and/or customs caused the violation of plaintiff AMANDA
BROADHURST's rights.

47.   Upon information and belief, it was the policy and/or custom of those defendants  to
improperly and inadequately investigate citizen complaints of sheriff's deputy misconduct,
and acts of misconduct were instead tolerated by those defendants, including, but not limited
to incidents, where the individual employees of these defendants and their supervisors have
in the past assaulted, battered, (with or without chemical or other spray), abused, and falsely
arrested individuals without probable cause, improperly held and/or detained such
individuals without probable cause, and made, and allowed other fellow deputies and others
of its employees to make, false entries in official sheriff's department records, and to issue
false and fraudulent criminal complaints and accusatory instruments, to cover up and hide
their wrongful conduct.

48.   It was the policy and/or custom of those defendants to fail to take the required steps to
discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual
defendant in this and other deputies in similar cases involving misconduct, thereby failing
to adequately discourage further constitutional violations on the part of its sheriff's deputies.

49.   They did not require appropriate in-service training or re-training of deputies who were
known to have engaged in misconduct. As a result of the above described policies and/or
customs, deputies of the Rockland County Sheriff's Department, including CLAPP, believed
that their actions would not be properly monitored by supervisory officers and that
misconduct would not be investigated or sanctioned, but would be tolerated.

50.   The above policies and/or customs demonstrated a deliberate indifference on the part of

-9-

policymakers of the COUNTY and KRALIK to the constitutional rights of persons on and about property, buildings, offices and areas adjacent thereto, and were the cause of the violations of plaintiff's rights alleged herein.

51.    As a result of the wrongful, deliberately indifferent and illegal acts of those defendants plaintiff AMANDA BROADHURST claims damages against these defendants for the injuries set forth above.

**SEVENTH COUNT**
**AGAINST DEFENDANTS COUNTY and KRALIK FOR NEGLIGENT HIRING and**
**RETENTION of DEFENDANT CLAPP**

52.    Paragraphs 1 through 51 are incorporated herein by reference.

53.    Defendants COUNTY and KRALIK were negligent, careless, and reckless in hiring, retaining, instructing, guiding, monitoring, and supervising, and in failing to properly instruct, guide, monitor, and supervise their employee, defendant CLAPP, and other personnel so as to protect individuals, and more specifically the infant Plaintiff; in failing and neglecting to properly hire suitable individuals, and more specifically in hiring CLAPP, an unsuitable individual, without screening him for: alcohol and substance abuse problems, violent propensities, assaultive proclivities, defiance of authority, disrespect for the law and for the rights of others, disregard for lawful authority and for the proprieties of behavior in society, tendency to inappropriate behavior, disregard for laws, rules and regulations, and for the constitutional rights, both state and federal, of others, including the infant plaintiff; without proper drug, alcohol and personality testing; without screening for past violent history, history of unlawful activity and mental instability; without

screening or investigation for past hostile, overzealous, aggressive and/or compulsive or impulsive behavior; and in failing to obtain "current intelligence" on CLAPP regarding the foregoing, before hiring or while retaining him; in causing, permitting and allowing a dispute between individuals to escalate into a violent confrontation which eventually resulted in harm to the infant plaintiff. The defendant knew or should have discovered by reasonable investigation of the erratic, dangerous, unlawful, sociopathic and/or anti-social, assaultive and violent propensities of CLAPP. Hiring and retaining CLAPP despite all of the foregoing was a proximate cause of the infant plaintiff's injuries.

**WHEREFORE,** plaintiff demands judgment against the defendants, jointly and severally for compensatory damages on each Count; for punitive damages on each Count; awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Blauvelt, New York
This 19 day of October, 2007

**Michael R. Scolnick, P.C.**

By: _____

Michael R. Scolnick                    MS9984
Attorneys for plaintiff
175 Burrows Lane,
Blauvelt, New York 10913
Phone: (845) 354-9339
Fax:(845) 365-1506
E-Mail: Scollaw@optonline.net

-11-