UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

| | |
|---|---|
| AMANDA BROADHURST an infant over the age of fourteen by her mother and natural guardian THERESA BROADHURST,<br><br>                              Plaintiffs,<br><br>     - against -<br><br>THE COUNTY OF ROCKLAND, JAMES F. KRALIK SHERIFF OF ROCKLAND COUNTY and DEPUTY SHERIFF GARRETT CLAPP BADGE #364,<br><br>                              Defendants. | 07-Civ 9511(CLB) |

-------------------------------------------------------------------X

# MEMORANDUM OF LAW

SARETSKY KATZ DRANOFF & GLASS, L.L.P.
Attorneys for Defendants
*Office and P.O. Address:*
475 Park Avenue South, 26th floor
New York, New York  10016
(212) 973-9797

*Of Counsel:*
     Robert B. Weissman (RW0512)

## PRELIMINARY STATEMENT

Plaintiff seeks to recover damages against defendant Clapp based upon assault, battery and false arrest/false imprisonment. As shown below, each of these claims is barred because of the expiration of the Statute of Limitations.

Plaintiff also seeks to hold defendant Kralik liable under a theory of *respondeat superior* and negligent hiring and retention of defendant Clapp. These claims must be dismissed because they, too, are barred by the expiration of the Statute of Limitations. The claim against defendant Kralik based upon *respondeat superior* must also be dismissed because County Law §54 prohibits such claims against the head of any agency, department, bureau, or office of a county.

To the extent plaintiff seeks to hold the defendant County of Rockland (the "County") liable for assault, battery and false arrest/false imprisonment under a theory of *respondeat superior,* the claims must be dismissed because the County may not be vicariously liable for time-barred claims against defendant Clapp.

Finally, all claims for punitive damages against the County must be dismissed under applicable State and Federal laws.

## ARGUMENT

## POINT I

### PLAINTIFF'S SECOND THROUGH FOURTH CAUSES OF ACTION FOR ASSAULT, BATTERY, FALSE ARREST/FALSE IMPRISONMENT AGAINST DEPUTY CLAPP AND THE FIFTH AND SEVENTH CAUSES OF ACTION AGAINST SHERIFF KRALIK MUST BE DISMISSED AS EACH CLAIM IS BARRED BY THE ONE YEAR STATUTE OF LIMITATIONS

§215 of the New York Civil Practice Law and Rules provides:

"The following actions shall be commenced within one year:

1. an action against a sheriff, coroner or constable, upon a liability incurred by him by doing an act in his official capacity or by omission of an official duty…

3. an action to recover damages for assault, battery, false imprisonment, malicious prosecution, libel, slander, false words causing special damages, or a violation of the right of privacy under section fifty-one of the civil rights law."

In the matter at bar, plaintiff alleges that defendant Clapp is liable to plaintiff pursuant to claims of assault, battery and false arrest/false imprisonment. Plaintiff also sets forth claims based upon *respondeat superior* and negligent hiring and retention as against Sheriff Kralik. The Complaint alleges, however, that the acts forming the basis for the action occurred on, and prior to, October 16, 2007 (see paragraphs 2, 3, 13 and 20 of the Complaint). Yet the Complaint was not filed until October 24, 2007. Because the Second through Fifth and Seventh causes of action as against defendants Clapp and Kralik are governed by the one year Statute of Limitations, the claims are time-barred and should be dismissed.

## POINT II

### PLAINTIFF'S FIFTH CAUSE OF ACTION, SEEKING TO HOLD SHERIFF KRALIK PERSONALLY LIABLE FOR THE ACTS OF DEFENDANT CLAPP, MUST BE DISMISSED UNDER NEW YORK COUNTY LAW §54

New York County Law §54 provides in relevant part:

> "No head of any agency, department, bureau, or office of a county shall be liable to respond in damages to the county or to any other person for any act or omission of any employee of the county employed within the agency, department, bureau, or office of which he is such head."

Plaintiff's Fifth Cause of Action expressly seeks to hold Sheriff Kralik liable under a theory of *respondeat superior* for the acts of defendant Clapp (see paragraph 41). COUNTY LAW §54 prohibits such a claim and, therefore, it should be dismissed.

## POINT III

### PLAINTIFF'S FIFTH CAUSE OF ACTION, SEEKING TO HOLD THE COUNTY LIABLE FOR THE ACTS OF DEFENDANT CLAPP ON A THEORY OF *RESPONDEAT SUPERIOR*, MUST BE DISMISSED

There can be no vicarious liability on the part of an employer if the employee himself is not liable. *Karaduman v. Newsday, Inc.*, 51 N.Y.2d 531, 546, 435 N.Y.S.2d 556, 416 N.E.2d 557 (1980). This rule applies where a claim is not actionable against the employee due to the running of the Statue of Limitations. *Mars v. Diocese of Rochester*, 196 Misc.2d 349, 763 N.Y.S.2d 885 (Sup. Ct. Monroe County 2003), citing *Karaduman*, supra, and *Walsh v. Faxton-Children's Hosp.*, 192 A.D.2d 1106, 596 N.Y.S.2d 260 (4th Dep't 1993).

3

In this case, because the claims alleged against defendant Clapp in the Second through Fourth Causes of Action are time-barred, the County may not be held liable under a theory of *respondeat superior*.

## POINT IV

### PLAINTIFF'S PUNITIVE DAMAGES CLAIM AGAINST THE COUNTY MUST BE DISMISSED

Plaintiff's Complaint also seeks punitive damages. However, punitive damages are not recoverable against municipal defendants. The New York Court of Appeals has recently upheld the well-settled notion that a municipality is not liable for punitive damages in the absence of legislation not only expressly authorizing the recovery of punitive damages but also expressly authorizing them against a municipality. *Krohn v. New York City Police Dep't,* 2 N.Y.3d 329, 336, 811 N.E.2d 8, 778 N.Y.S.2d 746 (2004).

As stated in *Sharapata v. Town of Islip*, 82 A.D.2d 350, 363, 441 N.Y.S.2d 275 (2nd Dep't 1981):

> "With respect to the State of New York and its political subdivisions, we concur with the holding of a substantial majority of other jurisdictions throughout the United States that to permit punitive damages against such political entities would contravene public policy. Manifestly a political entity does not make, nor is it able to make, functional decisions through the entire body of those individuals who may be deemed to compose it. Necessarily it performs its various acts on behalf of its citizens and with their consent, through public officials and representatives. Logically, therefore, if the political entity must respond in compensation to a person injured as a result of the transgressions of governmental agents while acting in their official capacity, it follows that its citizens and taxpayers must bear the ultimate financial

> responsibility for compensating their injured brethren for his or her actual loss."

*Id.*, at 363 (citation omitted).

The Second Department went on to state:

> "With respect to punitive damages, however, it has been held that in order to be awarded they must further the public policy which justifies them (Ranells v City of Cleveland, *supra*). As indicated above the justification for an award of punitive damages is to punish the wrongdoer, both monetarily, and by making him a public example. However, to permit such damages against a public corporation would result in the anomalous situation of having the persons who would bear the burden of the punishment, *i.e.*, the taxpayers and citizens, being from the self-same group who are expected to benefit from the public example which the granting of such damages supposedly makes of the wrongdoer (Fisher v City of Miami, 172 So 2d 455, 457, *supra*; Newport v Fact Concerts, 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616). "Were exemplary damages to be awarded against a governmental subdivision, the persons punished would be the taxpaying public. The very persons we seek to 'benefit' by example are the ones who bear the financial responsibility for compensating the injured individual for his actual loss, and, were we to permit it, the responsibility for the satisfaction of the exemplary damages award. The function of exemplary damages is not served by requiring taxpayers to pay damages in excess of the actual loss" (Nixon v Oklahoma City, 555 P2d 1283, 1285-1286, *supra*; emphasis supplied; *see, also*, Chappell v City of Springfield, 423 SW2d 810, 814 (Sup. Ct, Mo)). Although many statutory and other inroads upon the doctrine of sovereign immunity have been made, the levying of punitive damages against a public entity is not favored, since to do so would impose an unjust burden upon the innocent taxpayer without directly punishing the wrongdoer."

*Id.* at 363-364.

5

Municipal immunity from claims for punitive damages also apples to actions under 42 U.S.C. 1983. *Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981).

Consequently, plaintiff's request for punitive damages as against the County should be dismissed and stricken from all relevant portions of the Complaint.

## CONCLUSION

By reason of the forgoing, it is respectfully requested that this motion be granted.

Dated: New York, New York
November 20, 2007

Respectfully submitted,

SARETSKY KATZ DRANOFF & GLASS, L.L.P.

By: _____
Robert B. Weissman (RW0512)

Attorneys for Defendants
*Office and P.O. Address:*
475 Park Avenue South, 26th floor
New York, New York  10016
(212) 973-9797

7