UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

AMANDA BROADHURST, an infant over the age of
fourteen by her mother and natural guardian THERESA
BROADHURST,

        Plaintiffs,

   - against -

THE COUNTY OF ROCKLAND, JAMES F. KRALIK
Sheriff of Rockland County and DEPUTY SHERIFF
GARRETT CLAPP Badge #364,

        Defendants.

------------------------------------------------------------------------X

ECF Case

Civ. No. 07 CIV 9511

**ANSWER TO AMENDED COMPLAINT**

Jury Trial Demanded

    Defendants THE COUNTY OF ROCKLAND, JAMES F. KRALIK and

DEPUTY SHERIFF GARRETT CLAPP by their attorneys Saretsky Katz Dranoff &

Glass, L.L.P. as for their Answer to the Amended Complaint state upon information and

belief:

    1.  Deny knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph "1" of the Amended Complaint.

    2.  Deny the allegations contained in paragraph "2" of the Amended

Complaint.

    3.  Deny the allegations contained in paragraph "3" of the Amended

Complaint.

4.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the Amended Complaint.

5.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the Amended Complaint.

6.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the Amended Complaint, except admit that THE COUNTY OF ROCKLAND is a subdivision of the State of New York.

7.      Deny the allegations contained in paragraph "7" of the Amended Complaint, except admit that JAMES F. KRALIK is the Sheriff of Rockland County.

8.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the Amended Complaint.

9.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the Amended Complaint.

10.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the Amended Complaint.

11.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the Amended Complaint.

12.      Admit the allegations contained in paragraph "12" of the Amended Complaint.

13.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of the Amended Complaint.

14.      Deny the allegations contained in paragraph "14" of the Amended Complaint, except admit that plaintiff was asked several times to leave a meeting

among plaintiff, her mother and Ms. Kelleher, and each time plaintiff refused to do so.

15.    Deny the allegations contained in paragraph "15" of the Amended Complaint.

16.    Deny the allegations contained in paragraph "16" of the Amended Complaint.

17.    Deny the allegations contained in paragraph "17" of the Amended Complaint.

18.    Deny the allegations contained in paragraph "18" of the Amended Complaint.

19.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "19" of the Amended Complaint.

20.    Deny the allegations contained in paragraph "20" of the Amended Complaint.

21.    Deny the allegations contained in paragraph "21" of the Amended Complaint.

22.    Deny the allegations contained in paragraph "22" of the Amended Complaint.

23.    Deny the allegations contained in paragraph "23" of the Amended Complaint.

24.    Deny the allegations contained in paragraph "24" of the Amended Complaint.

25.    Deny the allegations contained in paragraph "25" of the Amended Complaint.

26.     Deny the allegations contained in paragraph "26" of the Amended Complaint.

27.     Deny the allegations contained in paragraph "27" of the Amended Complaint.

## ANSWER TO THE FIRST COUNT

28.     Repeat and reiterate each and every admission, denial and such other response to paragraphs "1" through "27" of the Amended Complaint as if fully set forth herein at length.

29.     Deny the allegations contained in paragraph "29" of the Amended Complaint.

30.     Deny the allegations contained in paragraph "30" of the Amended Complaint.

## ANSWER TO THE SECOND COUNT

31.     Repeat and reiterate each and every admission, denial and such other response to paragraphs "1" through "30" of the Amended Complaint as if fully set forth herein at length.

32.     Deny the allegations contained in paragraph "32" of the Amended Complaint.

33.     Deny the allegations contained in paragraph "33" of the Amended Complaint.

## ANSWER TO THE THIRD COUNT

34.     Repeat and reiterate each and every admission, denial and such other response to paragraphs "1" through "33" of the Amended Complaint as if fully set

forth herein at length.

35.     Deny the allegations contained in paragraph "35" of the Amended Complaint.

36.     Deny the allegations contained in paragraph "36" of the Amended Complaint.

## ANSWER TO THE FOURTH COUNT

37.     Repeat and reiterate each and every admission, denial and such other response to paragraphs "1" through "36" of the Amended Complaint as if fully set forth herein at length.

38.     Deny the allegations contained in paragraph "38" of the Amended Complaint.

39.     Deny the allegations contained in paragraph "39" of the Amended Complaint.

## ANSWER TO THE FIFTH COUNT

40.     Repeat and reiterate each and every admission, denial and such other response to paragraphs "1" through "39" of the Amended Complaint as if fully set forth herein at length.

41.     Deny the allegations contained in paragraph "41" of the Amended Complaint.

42.     Deny the allegations contained in paragraph "42" of the Amended Complaint.

43.     Deny the allegations contained in paragraph "43" of the Amended Complaint.

## ANSWER TO THE SIXTH COUNT

44.     Repeat and reiterate each and every admission, denial and such other response to paragraphs "1" through "43" of the Amended Complaint as if fully set forth herein at length.

45.     Deny the allegations contained in paragraph "45" of the Amended Complaint.

46.     Deny the allegations contained in paragraph "46" of the Amended Complaint.

47.     Deny the allegations contained in paragraph "47" of the Amended Complaint.

48.     Deny the allegations contained in paragraph "48" of the Amended Complaint.

49.     Deny the allegations contained in paragraph "49" of the Amended Complaint.

50.     Deny the allegations contained in paragraph "50" of the Amended Complaint.

51.     Deny the allegations contained in paragraph "51" of the Amended Complaint.

## ANSWER TO THE SEVENTH COUNT

52.     Repeat and reiterate each and every admission, denial and such other response to paragraphs "1" through "51" of the Amended Complaint as if fully set forth herein at length.

53.     Deny the allegations contained in paragraph "53" of the Amended

Complaint.

54.    Deny all allegations in the Amended Complaint that are not expressly admitted.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

55.    Plaintiff's claims are barred by application of good faith immunity

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

56.    Plaintiff's claims are barred by absolute immunity.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

57.    Plaintiff's state law claims are barred, in whole or in part, as plaintiff failed to satisfy all necessary statutory conditions precedent to assert any state law claims.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

58.    Plaintiffs' claims are barred in whole or in part by reason of the absence of any actionable County policy.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

59.    The County cannot be held liable for the actions of its employees on a theory of *respondeat superior.*

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

60.    Plaintiffs' claims must be barred as they are not based upon an action by an official whose edicts or acts may fairly be said to represent official County policy.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

61.    That to the extent applicable, defendant is entitled to the benefits of

7

ARTICLES 45 and 50(b) of the CPLR regarding collateral source payments and/or structured judgment.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

62.    Plaintiffs' First Amended Complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

63.    If there has been any injuries or damages as alleged in the First Amended Complaint, upon information and belief, such injuries and damages were caused, in whole or in part, or were contributed to by reason of the carelessness, negligence or want of care on the part of some other party or persons, firm or corporation, his, her, its or their agents, servants or employees over whom defendant had no control and for whose carelessness, negligence or want of care defendant was not and is not responsible or liable.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

64.    Plaintiff's claims are barred in whole or in part by justification.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

65.    The injuries and/or damages sustained, if any, at the time and place alleged in the complaint, were in whole or in part the result of the alleged injured party's own culpable conduct

## NOTICE OF DEMAND FOR JURY TRIAL

Defendants demand a jury trial pursuant to F.R.C.P. 38(b).

WHEREFORE, defendants THE COUNTY OF ROCKLAND, JAMES F. KRALIK and DEPUTY SHERIFF GARRETT CLAPP demand judgment dismissing the

Amended Complaint together with the costs and disbursements of this action.

Dated: New York, New York
       February 20, 2008

                              Respectfully submitted,

                              SARETSKY KATZ DRANOFF & GLASS, L.L.P.
                              Attorneys for Defendants

                              By: _____
                                   Eric Dranoff (ED-7882)

                              Office & P.O. Address:
                              475 Park Avenue South
                              New York, New York  10016
                              (212) 973-9797

To:
Michael R. Scolnick, P.C.
Attorneys for Plaintiff
175 Burrows Lane
Blauvelt, New York  10913
(845) 354-9339

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X    07 CIV 9511
AMANDA BROADHURST, an infant over the age of fourteen
by her mother and natural guardian THERESA
BROADHURST,

                       Plaintiffs,

       - against -

THE COUNTY OF ROCKLAND, JAMES F. KRALIK Sheriff of
Rockland County and DEPUTY SHERIFF GARRETT CLAPP
Badge #364,

                       Defendants.
-------------------------------------------------------------------------------X

### AFFIDAVIT OF SERVICE

STATE OF NEW YORK    } SS.:
COUNTY OF NEW YORK }

Ellie Brinson being duly sworn deposes and says that deponent is not a party to the

action, is over 18 years of age and resides in Hudson County, New Jersey; that on

February 21, 2008 deponent, on behalf of defendants COUNTY OF ROCKLAND,

JAMES F. KRALIK Sheriff of Rockland County and DEPUTY SHERIFF GARRETT

CLAPP, served one copy of the within **Answer to Amended Complaint**, upon:

Michael R. Scolnick, P.C.
Attorneys for Plaintiffs AMANDA BROADHURST and THERESA BROADHURST
175 Burrows Lane
Blauvelt, New York  10913

at the address designated for that purpose, depositing same, enclosed in postpaid,

properly addressed wrappers, in an official depository under the exclusive care of the

United States Post Office in the State of New York.

                                                             Ellie Brinson

Sworn to before me February 21, 2008

Notary Public

JACK RAMOS
Notary Public, State of New York
No. 01RA6046532
Qualified in Nassau County
Commission Expires August 14, 2010